Jon A. Birmingham (Cal. Bar No. 271034)
jbirmi@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY LLP**
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone:     (818) 715-7025
Facsimile:     (818) 715-7033

Timothy P. Maloney (*admitted pro hac vice*)
tpmalo@fitcheven.com
Joseph F. Marinelli (*admitted pro hac vice*)
jmarinelli@fitcheven.com
David A. Gosse (*admitted pro hac vice*)
dgosse@fitcheven.com
**FITCH, EVEN, TABIN & FLANNERY LLP**
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

*Attorneys for Plaintiff,*
LONE STAR SILICON INNOVATIONS LLC

Jared Bobrow
J. Jason Lang
Robert Stephen Magee
Amanda Branch
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
jared.bobrow@weil.com
jason.lang@weil.com
robert.magee@weil.com
amanda.branch@weil.com

*Attorneys for Defendants*
MICRON TECHNOLOGY, INC.,
MICRON SEMICONDUCTOR PRODUCTS, INC.,
MICRON CONSUMER PRODUCTS GROUP, INC.,
AND MICRON MEMORY JAPAN, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| LONE STAR SILICON INNOVATIONS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., ET AL.,<br><br>        Defendants. | Case No.: 3:17-cv-05458-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br><br>Date:        November 9, 2017<br>Time:        8:00 AM<br>Place:       Courtroom 8, 19th Floor<br>Judge:       Hon. William H. Alsup |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil L.R. 16-9, Patent L.R. 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases Before Judge William Alsup, the Parties to the above-titled action, Plaintiff Lone Star Silicon Innovations LLC ("Lone Star") and Defendants Micron Technology, Inc. ("MTI"), Micron Semiconductor Products, Inc. ("MSP"), Micron Consumer Products Group, Inc. ("MCPG"), and Micron Memory Japan, Inc. ("MMJ") (collectively "Micron Defendants"), jointly submit this Case Management Statement and Proposed Order in advance of the Case Management Conference on November 9, 2017.

## 1.    <u>JURISDICTION AND SERVICE</u>

The Parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because the claims arise under the Patent Laws of the United States, Title 35.  The Parties agree that there are no issues regarding venue.  Defendant Micron Memory Japan, Inc. denied that the Court has personal jurisdiction over it.  *See* Dkt. No. 31 ¶ 9.  MMJ is incorporated under the laws of Japan and has its principal place of business in Tokyo.  *See* Dkt. No. 31 ¶ 6.  The Micron Defendants are reviewing Lone Star's Patent Transfer Agreement with AMD (produced on October 24, 2017) to determine if AMD is a necessary party to the lawsuit.

## 2.    <u>FACTS</u>

### A.    Brief Chronology of Facts

Lone Star filed six cases in the U.S. District Court for the Eastern District of Texas seeking damages, injunctive, and other relief, all of which have now been transferred to this Court.  Lone Star alleges that each of the defendants directly or indirectly infringes or has infringed one or more of the following patents (collectively, the "Patents-In-Suit"):

| | SMIC 3:17-cv-03980-WHA (filed 11/16/16) | Renesas 3:17-cv-03981-WHA (filed 12/20/16) | Nanya 3:17-cv-04032-WHA (filed 10/7/16) | UMC 3:17-cv-04033-WHA (10/31/16) | Toshiba 3:17-cv-04034-WHA (10/14/16) | Micron 3:17-cv-05458-WHA (filed 10/7/16) |
|---|---|---|---|---|---|---|
| 5,872,038 | | | ✓ | | | ✓ |
| 5,912,188 | | | | | ✓ | ✓ |
| 5,973,372 | ✓ | | | ✓ | | |
| 6,023,085 | | | | | ✓ | ✓ |
| 6,046,089 | | ✓ | | | | |
| 6,097,061 | | | ✓ | | | ✓ |
| 6,103,611 | ✓ | ✓ | ✓ | ✓ | | ✓ |
| 6,153,933 | | ✓ | | | | |
| 6,326,231 | | ✓ | ✓ | | | ✓ |
| 6,380,588 | | ✓ | | | | |
| 6,388,330 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| RE39,518 | | | | | ✓ | |

Lone Star asserts that it is the owner by assignment of the Patents-In-Suit. Lone Star produced the alleged patent assignment agreement on October 24, 2017.

Lone Star filed its complaint against the Micron Defendants on October 7, 2016. On December 20, 2016, the Eastern District of Texas consolidated the cases involving the Toshiba Defendants, Nanya Defendants, and UMC Defendants, and Micron Defendants. These cases (the "consolidated cases") were consolidated for all pretrial issues (except venue). Lone Star's cases against the SMIC Defendants and Renesas Defendants were not consolidated with any of the other cases.

On January 17, 2017, Lone Star served its Disclosure of Asserted Claims and Infringement Contentions in the consolidated cases in accordance with E.D. Texas Patent Local Rules 3-1 and 3-2.

On January 31, 2017, a scheduling conference was held for the consolidated cases.

**JOINT CASE MANAGEMENT STATEMENT**   2

On March 28, 2017, the Defendants in the consolidated cases served their Invalidity Contentions in accordance with E.D. Texas Patent Local Rules 3-3 and 3-4.

On April 17, 2017, the Micron Defendants moved to transfer this case to the District of Idaho, or alternatively, to this District pursuant to 28 U.S.C. § 1404(a).

On May 17, 2017, Lone Star and the Defendants in the consolidated cases exchanged proposed claim terms for construction.

Between June 9 and 16, 2017, the Micron Defendants filed eight petitions for *inter partes* review ("IPR") of U.S. Patent Nos. 5,872,038; 5,912,188; 6,097,061; 6,103,611; 6,326,231; 6,023,085; and 6,388,330, which Lone Star has asserted against Micron as well as against one or more of the Defendants in these cases. The IPR petitions of the Micron Defendants cover every claim asserted against the Micron Defendants.

On June 16, 2017, the Micron Defendants filed a motion to stay this case pending resolution of these IPR petitions.

On June 28, 2017, Lone Star and the Defendants in the consolidated cases exchanged proposed preliminary claim constructions. Thereafter, certain of the consolidated cases against other defendants were de-consolidated and transferred to this Court. As such, Lone Star and the Micron Defendants proceeded separately with claim construction pursuant to the local rules.

Following de-consolidation, Lone Star and the Micron Defendants met and conferred in an effort to limit the number of disputed claim terms. On July 14, 2017, Lone Star and the Micron Defendants filed a Joint Statement on Claim Construction Pursuant to E.D. Tex. Local P.R. 4-3, which they subsequently amended on August 1 and August 9, 2017. On August 7, 2017, Micron deposed Lone Star's proposed expert on claim construction issues. On August 9, 2017, Lone Star filed its opening claim construction brief, and both Parties filed their Technical Tutorials with the court. On August 23, 2017, the Micron Defendants filed their responsive claim construction brief. On August 24, 2017, the United States District Court for the Eastern District of Texas granted the Micron Defendants' motion to transfer venue to this District. The claim construction briefing was not completed. No reply papers were submitted and no hearing occurred prior to transfer to this Court.

On September 27, 2017, the Court re-assigned this case to the Honorable William H. Alsup for all further proceedings.

**B.      Statement of Principal Factual Issues**

The Parties anticipate that the principal factual issues likely to be in dispute are whether (1) the Micron Defendants directly and/or indirectly infringe any of the Patents-In-Suit that Lone Star has asserted against them; (2) whether, to the extent any of the Micron Defendants are found liable for infringing any of the Patents-In-Suit, any of the Micron Defendants' actions were willful; (3) whether Lone Star's claims or recovery are barred, in whole or part, by one or more of the defenses advanced by Micron; (4) the damages to which Lone Star is entitled, if any; and (5) whether the asserted claims in the Patents-In-Suit are invalid.

**3.      LEGAL ISSUES**

The Parties presently anticipate that the central legal issues in this matter will be:

1.      The proper construction of any disputed claim terms;

2.      Whether Micron infringes any claim of the Patents-In-Suit, either directly or indirectly;

3.      Whether Micron is liable for willful infringement;

4.      Whether Lone Star has standing to bring suit;

5.      Whether Lone Star's damages are limited under 35 U.S.C. § 287;

6.      Whether Lone Star's claims or damages are barred under the bankruptcy laws of the United States and/or Japan;

7.      Whether the asserted claims of the Patents-In-Suit are invalid;

8.      If one or more of the claims of the Patents-in-Suit is held to be valid and infringed, the determination of a reasonable royalty as provided by 35 U.S.C. §284 and applicable case law;

9.      Whether this case is an exceptional under 35 U.S.C. §285; and

10.     In the event that any of the Patents-in-Suit is found not infringed and/or invalid, the relief, if any, to be awarded to the Micron Defendants.

**4.    MOTIONS**

   **A.    Past and Pending Motions**

On February 14-15, 2017, Lone Star and the Defendants in the consolidated cases filed Joint Opposed Motions for Entry of E-Discovery, Docket Control, and Discovery Orders.  On February 21, 2017, Lone Star and the Defendants in the consolidated cases filed a Joint Opposed Motion Seeking Entry of a Protective Order.  On March 27, 2017, Magistrate Judge Payne an Order Regarding E-Discovery. On March 28, 2017 Magistrate Judge Payne entered a Discovery Order and Protective Order.  On March 30, 2017, Magistrate Judge Payne executed a Docket Control Order setting a schedule for the case.

Defendants in each of the six cases filed motions to transfer venue to the District Court for the Northern District of California: Renesas: February 23, 2017; Nanya: February 28, 2017; Toshiba: March 22, 2017; SMIC: April 7, 2017; UMC: April 12, 2017; and Micron: April 17, 2017.  On August 24, 2017, Magistrate Judge Payne ordered the case involving the Micron Defendants to be transferred to this District.

On June 19, 2017, the Micron Defendants filed a motion to stay pending resolution of the IPR petitions covering each and every claim asserted against the Micron Defendants.  Briefing on the motion to stay was completed on July 20, 2017, and the motion is still pending.  The Micron Defendants have filed a notice requesting a hearing by this Court regarding that motion on November 9, 2017.  Lone Star opposes Micron's motion to stay.

On September 28, 2017, Lone Star filed a motion to consolidate this case with the related cases identified below in Section 10 for pretrial purposes. (Dkt. No. 59.).  The Micron Defendants do not oppose Lone Star's motion.

   **B.    Anticipated Motions**

      1.    Lone Star

Lone Star anticipates filing motions to compel against Micron to provide discovery of technical and financial information for the full scope of the Accused Instrumentalities, as defined by Lone Star in its infringement contentions. Micron has only provided discovery on devices that are made using the same processes as are used to fabricate the specific representative devices that Lone Star charted, but is unwilling to expand its production to other devices or processes that Lone Star believes are reasonably similar to those charted. Lone Star anticipates filing motions to compel against Micron to provide

**JOINT CASE MANAGEMENT STATEMENT**    5

discovery on the devices specifically charted in Lone Star's infringement contentions as well as those that have reasonably similar designs and that are fabricated using a reasonably similar process, including all of the devices identified as Accused Instrumentalities in Lone Star's infringement contentions.

Lone Star anticipates filing motions to strike Micron's Invalidity Contentions based on 35 U.S.C. § 103 as failing to satisfy the requirement of Patent L.R. 3-3(b) to include "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness."

Lone Star anticipates filing motions to compel against each of the Defendants to provide full responses to Lone Star's document requests and interrogatories.

Lone Star may move for summary judgment to address some or all of the affirmative defenses asserted by Defendants.

Lone Star anticipates filing motions for entry of Protective Orders, Discovery Orders, and E-Discovery Orders in a form substantially similar to those orders already entered by Magistrate Judge Payne in each of these actions. Those orders are law of the case, and at least the Renesas and SMIC Defendants joined in agreed motions for entry of those orders without raising any disputes to the proposed language.

2.     Micron Defendants

The Micron Defendants anticipate filing motions for entry of Protective Orders, Discovery Orders, and E-Discovery Orders in a form substantially similar to the model orders for the Northern District of California.

The Micron Defendants also anticipate filing a motion to dismiss for lack of standing in light of Lone Star's Patent Transfer Agreement with AMD, which was produced on October 24, 2017.

The Micron Defendants anticipate that summary judgment motions will be filed that may address issues of non-infringement, invalidity, and/or remedies.

**5.     AMENDMENT OF PLEADINGS**

The Micron Defendants and Lone Star agree that no Parties or claims are expected to be added or dismissed at this time. The Parties do not anticipate the need to amend their pleadings. The Parties reserve the right to amend the pleadings as allowed by the Federal Rules of Civil Procedure and Local Rules of this Court.

**6.      EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to Discovery of Electronically Stored Information ("ESI Guidelines").  Lone Star and the Micron Defendants represent that they have taken reasonable and proportionate steps to preserve evidence relevant to issues reasonably evident in this action.  In the consolidated cases, Magistrate Judge Payne has entered an Order Regarding E-Discovery. Lone Star anticipates submitting a proposed E-Discovery Order substantially similar to the E-Discovery Orders entered in the Eastern District of Texas.  The Micron Defendants propose submitting a revised E-Discovery Order that conforms to the policies and practices of the Northern District of California.

**7.      DISCLOSURES**

On February 21, 2017, Lone Star and each of the Defendants in the consolidated cases served their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and the Discovery Order entered in the case.  The Parties will supplement their disclosures as appropriate and each Party reserves its right to amend and supplement such disclosure as discovery progresses.

**8.      DISCOVERY**

The schedule proposed in Exhibit A addresses discovery deadlines.

**A.      Discovery-To-Date**

Before being transferred to this Court from the Eastern District of Texas, the following discovery was conducted:

1.      On January 17, 2017, Lone Star served the Defendants in the consolidated matters with Lone Star's Disclosure of Asserted Claims and Infringement Contentions and the accompanying document production pursuant to Eastern District of Texas Local Patent Rules 3-1 and 3-2.

2.      On March 28, 2017, the Defendants in the consolidated matters served Lone Star with their Invalidity Contentions and accompanying document productions pursuant to Eastern District of Texas Local Patent Rules 3-3 and 3-4.

3.      On April 11 and May 18, 2017, Lone Star served document requests on the Micron Defendants in letter form pursuant to the Eastern District of Texas local practice. On May 12, 2017, the Micron Defendants served responses and objections to Lone Star's April 11 document requests in letter

**JOINT CASE MANAGEMENT STATEMENT**      7

form pursuant to the Eastern District of Texas local practice.  Micron has not provided specific objections or responses in letter form to Lone Star's May 18 document requests.

4.    On May 18, 2017, Lone Star served the Micron Defendants with Plaintiff's First Set of Interrogatories (Nos. 1-8).  On July 5, 2017, the Micron Defendants served Responses to Lone Star's First Set of Interrogatories.

5.    On August 9, 2017, the Micron Defendants substantially completed their document production pursuant to the applicable Docket Control Order.

6.    On August 24, 2017, the Micron Defendants served Lone Star with Defendants' First Set of Interrogatories (Nos. 1-20), as well as document requests in letter form pursuant to the Eastern District of Texas local practice to Lone Star.  On October 23, 2017, Lone Star served Responses to Micron's First Set of Interrogatories and to Micron's document requests.

7.    Both Parties have produced documents in discovery.

8.    No party has noticed or taken any fact depositions.

9.    No party has served any email discovery requests.

**B.    Scope of Anticipated Discovery**

Additional discovery is anticipated with respect to all material issues in the case.

Lone Star anticipates taking discovery on at least the following topics:

- Micron's knowledge of the Patents-In-Suit;

- Design and structure of the accused products and the methods of fabricating them;

- Micron's non-infringement contentions;

- Any alleged non-infringing alternatives;

- Information relating to damages, including sales (revenue, unit sales, profits, etc.) data, and other patent licenses relating to the accused products/methods that Defendants have negotiated or entered into;

- Any other defenses that Micron offers to Lone Star's claims; and

- Expert discovery.

The Micron Defendants anticipate taking discovery on at least the following topics:

- Lone Star's ownership of and standing to sue with respect to the Patents-in-Suit;

**JOINT CASE MANAGEMENT STATEMENT**    8

- Lone Star's infringement allegations and investigations concerning the same;

- Prior art to, and invalidity of, the Patents-in-Suit;

- Evidence relating to secondary considerations of non-obviousness;

- Damages, including Lone Star's licensing history and practices;

- The Micron Defendants' defenses; and

- Expert discovery.

The Parties anticipate seeking discovery pursuant to the Federal Rules of Civil Procedure, including through depositions, document requests, requests for admissions, interrogatories, and other forms of discovery authorized by the Federal Rules of Civil Procedure, including discovery of non-Parties.

**C.      Proposed Limitations Or Modifications Of The Discovery Rules And Stipulations**

The Parties agree that service of discovery requests and responses, and any other documents to be served on a party by another party, may be made by email, and that the date of transmission shall be determined by reference to the email transmission date, Pacific Standard Time.

The Parties agree that no Defendant will be required to serve or produce any information protected under the entered Protective Order (e.g. Confidential, Confidential – Attorneys' Eyes Only, and Confidential – Source Code) on any other Defendant. Furthermore, the Parties agree that Plaintiff will not serve, produce, or otherwise provide any information produced by a Defendant that is protected under the entered Protective Order to any other Party without the express permission of the producing party.

The Parties agree that they need not log in any privilege log any privileged communications that have occurred after the filing date of Lone Star's original complaint for each respective Defendant Group.

The Court in the Texas Action entered the following orders related to discovery before the cases were transferred to this Court. The Parties submitted competing provisions with respect to each of these Orders in the Texas Action:

i.      Discovery Order (E.D. Tex. 2:16-cv-1170, Dkt. No. 103);

ii.      Order Regarding E-Discovery (E.D. Tex. 2:16-cv-1170, Dkt. No. 102); and

iii.      Protective Order (E.D. Tex. 2:16-cv-1170, Dkt. No. 104).

The Parties anticipate amending each of the foregoing orders to account for the applicable local rules of this Court.  The Parties will submit proposed amended versions of these orders concurrently with

this Case Management Statement.  If agreed orders cannot be submitted because the Parties have disputes as to one or more provisions, then the Parties will seek the Court's guidance at the Case Management Conference.

Lone Star's proposed version of the Protective Order is attached hereto as **Exhibit B**.

Lone Star's proposed version of the ESI Order is attached hereto as **Exhibit C**.

The Defendants' proposed version of the Protective Order is attached hereto as **Exhibit D**.

The Defendants' proposed version of the ESI Order is attached hereto as **Exhibit E**.

**Micron's Position:**  The Micron Defendants believe that limited modifications to the Discovery, E-Discovery, and Protective Orders are necessary to address changed circumstances with respect to the limits on discovery and the policies and practices on which the Northern District of California's local rules governing discovery are based.

Contrary to Lone Star's argument, the Ninth Circuit does not mention "extraordinary circumstances" as a prerequisite to reconsider an issue.  *See Unites States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  The law of the case doctrine is a discretionary principle and this Court is permitted to reconsider the issues if "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997); *Galen v. Redfin Corporation*, 2015 WL 7734137, at *4 (N.D. Cal. Dec. 1, 2015) (declining to enforce the law of the case and granting defendant's motion to compel arbitration where "an event subsequent to the first order undermine[d] the rationale for that order.").  Here, the circumstances surrounding the Discovery, E-Discovery, and Protective Orders have changed substantially due to the dismissal of one of the original defendants, the deconsolidation of the parties in the Eastern District of Texas, the discovery conducted solely between the Micron Defendants and Lone Star in the Eastern District of Texas, the transfer of this case to the Northern District of California, and consolidation with new parties (Renesas and SMIC).

Here, Lone Star stipulated to the transfer of some of the related cases under the *TC Heartland* decision, the case against Micron was transferred over Lone Star's objections, and Lone Star now seeks to consolidate cases that were never previously consolidated.  In view of the fact that the cases should

have been filed in this District in the first instance, the rationale for the first orders (*i.e.*, Lone Star's proposed orders which the court in Texas adopted modeled the Texas court's sample orders) no longer applies and it is within the Court's discretion to reconsider certain disputes concerning the ESI and Protective Orders in view of the changed circumstances. *See, e.g.*, Dkt. 82, 3:17-cv-04034 (Amended Joint Opposed Motion for Entry of E-Discovery Order) at 1 ("Plaintiff proposes using the Court's model order regarding e-discovery in patent cases"); Dkt 88, 3:17-cv-04034 (Joint Opposed Motion Seeking Entry of a Protective Order) at 12, 14, 17 (Lone Star arguing, by way of example, that "[t]his Court's Sample Protective Order does not include any such restrictions, and Defendants have not established good cause for needing such a provision."). This case is in the early stages; no deposition notices and no email discovery requests have been served. Given the early stages of discovery, these changes to the previous Protective Order and ESI Order will not "complicate the case midstream" as Lone Star purports.

Therefore, the Micron Defendants raise the following discrete issues with respect to the Protective Order, ESI Order, and Discovery Order previously entered in the Texas Actions. The following protections or limitations are appropriate to safeguard the parties' most sensitive intellectual property, to prevent burdensome and overbroad email discovery that is disproportionate to the needs of the case, and to ensure that the Court's orders are consistent with the relevant case law in this District.

(1)     Issues concerning the Protective Order: The Micron Defendants request the following modifications to the Protective Order entered in the Texas Actions, in order to provide specific protection for source code documents. Specifically, the Micron Defendants request that the definition of source code be modified so that the materials entitled to source code protection include the following: (i) Physical Design Files, defined as a computer file or document that shows the physical arrangement of the components of the integrated circuit, also called the circuit layout; (ii) Semiconductor Process Instructions, defined as a computer file or document that contains process flow, process recipes, and process development data used to manufacture semiconductor dies; and (iii) HDL Source Code, defined as a computer file or files that contain electronic hardware descriptions in a hardware description language, such as Verilog or VHDL. The extension of source code level protection to such documents is consistent with the standards of source code protective orders in this District. *See* Interim Model Patent Protective Order of the U.S. District Court for the Northern District of California, ¶ 2.9 (defining source code to

**JOINT CASE MANAGEMENT STATEMENT**     11

include "computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs."); *see also, e.g., Adaptix, Inc. v. Dell, Inc.*, 2015 WL 12839125, at \*1 (N.D. Cal. Sept. 8, 2015) (including Verilog and other hardware source code files in the definition of "Source Code").

The Micron Defendants further seek to modify the Protective Order such that no recordable media devices (*e.g.*, sound recorders, computers, cellular telephones, smartphone devices, personal digital assistants, peripheral equipment, cameras, CDs, DVDs, or drivers of any kind) are permitted in the secure room in which source code review is to take place. *See Novitaz, Inc. v. Shopkick, Inc.*, 2015 WL 12966286, at \*2 (N.D. Cal. Mar. 18, 2015) ("source code protective orders routinely entered in this Court provide that use of electronic devices, such as laptops and cell phones, is prohibited while accessing the source code"); *EPL Holdings, LLC v. Apple Inc.*, 2013 WL 2181584, at \*5 (N.D. Cal. May 20, 2013) (finding ban on cellphones and other similar devices reasonable).

A draft of Micron's proposed Protective Order is attached as Exhibit D.  In the alternative, Micron requests that the Court adopt the Interim Model Patent Protective Order of the U.S. District Court for the Northern District of California.

(2)    Issues concerning the ESI Order:  The Micron Defendants seek modifications to the ESI Order entered in the Texas Actions to ensure that email discovery is reasonable and proportional to the needs of the case.  First, the ESI Order should provide that email discovery in this case should proceed only upon a showing of good cause.  .  "Email discovery is not presumptively relevant to litigation." *Northrop Grumman Corp. v. Factory Mutual Insurance Co.*, 2012 WL 12875772, at \*2 (C.D. Cal. Aug. 29, 2012) (citing *DCG Sys., Inc. v. Checkpoint Techs., LLC*,  2011 WL 5244356, at \*1 (N.D. Cal. Nov. 2, 2011)).  In patent cases, email discovery is rarely relevant since any infringement analysis will be based on technical documents and damages analysis will come from financial documents.  *See DCG Sys., Inc.*, 2011 WL 5244356 at \*1 (quoting Chie Judge Rader's address on "The State of Patent Litigation" that ".0074% of the documents produced actually made their way onto the trial exhibit list-less than one document in ten thousand.  And for all the thousands of appeals I've evaluated, email appears more rarely as relevant evidence").  That is especially the case here where Lone Star is a non-practicing entity, and

**JOINT CASE MANAGEMENT STATEMENT**    12

issues of copying and an injunction are not on the table. *Id.* at \*2 (granting the defendant's motion to adopt the Model Order on E-Discovery although the plaintiff argued against its adoption because the parties were competitors and whether the defendant copied the plaintiff's products and an injunction should be granted were issues in the case). E-mail in patent cases is typically only relevant to show knowledge of certain persons or a timeline of events, neither of which is likely to be critical in this case. Therefore, because the burden of e-mail discovery in this case greatly outweighs its benefit, e-mail discovery should only proceed after a showing of good cause.

Second, the Micron Defendants propose minor modifications to the number of custodians (*i.e.*, five custodians) and search terms (*i.e.*, five search terms) to balance the burdens of email discovery on all parties and bring the Order in line with practices in this District. *See* Model Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation Order of the U.S. District Court for the Northern District of California, ¶¶ 10 ("Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests"); 11 ("Each requesting party shall limit its email production requests to a total of five search terms per custodian per party."); *see also DCG Sys, Inc. v. Checkpoint Tech., LLC*, 2011 WL 5244356 (N.D. Cal. Nov. 2, 2011) ("The requesting party must further limit each request to a total of five search terms and the responsive documents must come from only a defined set of five custodians. These restrictions are designed to address the imbalance of benefit and burden resulting from email production in most cases."). These changes, which are also set forth in the Guidelines for the Discovery of Electronically Stored Information in this District, will ensure the proportionality set forth in Rule 26(b)(2)(C) and 26(g)(1)(B)(iii). *See* Guidelines for the Discovery of Electronically Stored Information Parties of the U.S. District Court for the Northern District of California, ¶ 1.03.

A draft of Micron's proposed ESI Order is attached as Exhibit E. In the alternative, Micron requests that the Court adopt the Model Stipulation & Order Re: Discovery of Electronically Stored Information for Patent Litigation Order of the U.S. District Court for the Northern District of California.

**Lone Star's Position:** The E-Discovery and Protective Orders ("Orders") entered by the Eastern District of Texas court prior to transfer are the law of the case and should be re-entered by this Court in substantially the same form other than very minor modifications to the captions and references to specific

local rules, as indicated in Lone Star's proposed modifications to the Orders (attached as Exhibits B and C). Barring extraordinary circumstances, the law of the case requires that previous decisions of a court "should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp*. 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Extraordinary circumstances include: 1) clearly erroneous decisions, 2) intervening changes in the law, 3) substantially different evidence, 4) other changed circumstances, and 5) a result of manifest injustice that would occur without review. *Unites States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Here, the law of the case for the Protective Orders and ESI Orders was established and should be followed. The modifications that Micron proposes to the existing Protective Order and E-Discovery Order are the same provisions that Micron proposed in February of 2017 when Lone Star and Micron submitted joint motions for entry of a Protective Order and ESI Order with disputed language. The court in the Eastern District of Texas rejected Micron's proposed language when it executed the existing Protective Orders and ESI Orders in March 2017 before the cases were transferred. *Lone Star v. Toshiba, et al.*, No.102, 2:16-cv-1170 (E.D. Tex. Mar. 27, 2017); *Id.*, Nos. 103 and 104 (Mar. 28, 2017). The court's decisions on the disputed issues should not be re-litigated simply because the cases were transferred to this District.

Moreover, Micron has not established any of the factors necessary to justify reconsideration of the Protective Order or E-Discovery Order. Micron has not established that Judge Payne's earlier rulings were clearly erroneous — indeed Micron never moved to reconsider Judge Payne's rulings, and has not shown why the rulings should be reconsidered now. Micron has also failed to establish that there were intervening changes in the law, substantially new evidence, other changed circumstances, or that a manifest injustice would occur without reconsideration. None of those factors are present here. The modifications proposed by Micron have no nexus to the change in venue to this District nor are they mandated by any controlling law of this District. The change in venue is not a change in circumstances that warrants giving Micron an opportunity to propose again the specific provisions that the court in the Eastern District of Texas already rejected.

Moreover, Micron's new request to reconsider the Eastern District of Texas's earlier rulings in this case on the Protective Order and E-Discovery Order is untimely under Fed. R. Civ. P. 59. These orders

**JOINT CASE MANAGEMENT STATEMENT**      14

were entered by the court more than seven months ago. Micron never moved to have Magistrate Payne's ruling reconsidered, and it should not be able to do so now. The parties have been operating under the executed Protective Orders and ESI Orders since they were entered. Substantively changing them now, as defendants propose, will only complicate the case midstream.

(1) Lone Star's Responses to Micron's Proposed Changes to the Protective Order:  With respect to Micron's positions on the definition of "source code" in the Protective Order, Lone Star asserts that the definition in the existing Protective Order should stand: "[a] compilation of computer instructions and data definitions expressed in a human-readable form suitable for input to an assembler, compiler, interpreter, or other translator." Micron proposes that source code be defined to include documents that are not truly source code, such as "a computer file or document that shows the physical arrangement of the components of the integrated circuit design that is used by a foundry to fabricate an integrated circuit," and "a computer file or document that contains process flow, process recipes, and process development data." Documents showing the physical arrangement of the components of an integrated circuit, process recipes, data files, and circuit layouts, for example, are not source code, and should not be treated as such for purposes of a protective order. Misclassifying non-source code documents as source code would have the effect of unnecessarily imposing the heightened source code review protocol on an unreasonably broad category of technical documents. Defendants' interests can be sufficiently protected by other designations, such as the HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY designation. Defendants have not established good cause for requiring heightened source code protection on non-source code documents. Moreover, Micron has, or should have, already produced documents such as recipes and structural diagrams that it would classify as source code. It would be unreasonable at this point to require Lone Star to treat those documents differently than it has since they were produced.

With respect to Micron's position on the possession of computers, smartphones, etc., in the source code review room, Lone Star asserts that the Eastern District of Texas court's prior decision should stand. Defendants propose unnecessary restrictions on counsels' and experts' ability to have certain electronic equipment in the source code review room. Defendants' proposal, for example, would require an expert or counsel to leave their smartphone in another room while they review the source code in the source code room. This Court's Sample Protective Orders do not include any such restrictions, and Defendants have

**JOINT CASE MANAGEMENT STATEMENT**    15

not established good cause for needing such a provision. Smartphones and laptops are such an integral part of an attorney's job function or an expert's business that it would be overly burdensome to require them to leave their laptop or smartphone in another room while they sit for hours reviewing source code. The Protective Order already contains restrictions on the printing of source code. Defendants' proposal makes the unreasonable assumption that if counsel or an expert were to have their laptop or source code in the source code review room, they would use them to engage in unauthorized "stealing" of source code by somehow photographing or downloading source code using said smartphone or laptop. This provision is offensive and designed only to inconvenience and harass counsel and the experts, imposing unnecessary restrictions on an already highly restrictive source code review protocol.

(2) <u>Lone Star's Responses to Micron's Proposed Modifications To The E-Discovery Order</u>: There is no reason to modify the existing E-Discovery Order in this case. Micron's proposal that no email is discoverable absent a showing of "good cause" is inconsistent with the discovery scope and limits set forth in Fed. R. Civ. P. 26(b), and will only unnecessarily require the need for the Court's assistance in evaluating whether "good cause" exists.

Micron also proposes to reduce the number of custodians and search terms that the parties must identify for the search and production of email. Micron has expressed the concern that the search for and production of email may place a heavier burden on Micron. Plaintiff believes that the existing E-Discovery Order sufficiently protects against undue burden. Moreover, the same number of patents are being asserted against Micron as were being asserted at the time the case was filed and at the time Micron agreed to the terms of the existing ESI Order. Micron cannot point to a single change in the scope of its case that justifies modifying the existing Order by reducing the number of search terms and custodians from 10 to 5. There are seven patents asserted against Micron. The number of patents involved and the likely number of relevant documents and custodians for Micron justifies the number of search terms and custodians in the existing E-Discovery Order.

**D.     Proposed Stipulations by the Parties Regarding Discovery**

(a)     The Parties stipulate to the following discovery limitations:

    i.     Plaintiff and each Defendant Group[1] may serve up to 25[2] interrogatories.

    ii.    The Parties are permitted an unlimited number of requests for admission as to authenticity of documents.

    iii.   Plaintiff is permitted to serve 40 additional requests for admission on each Defendant Group. Each Defendant Group is permitted to serve 40 additional requests for admission on Plaintiff.

    iv.   Plaintiff may take up to 70 hours of fact depositions of each Defendant Group (with up to 35 of these hours as 30(b)(6) testimony). Any deposition time requiring the use of an interpreter shall be counted in an amount equal to 70% of the actual time incurred (e.g., a ten hour deposition requiring the use of a translator shall count as a seven hour deposition). The Defendant Groups may collectively take up to 45 hours of fact depositions of Plaintiff (with up to 20 of these hours as 30(b)(6) testimony).[3] Inventor, non-party and expert depositions will not count toward these limitations. No single 30(b)(6) witness of Plaintiff may be deposed for more than 15 hours collectively by the Defendant Groups.

    v.    Each Side[4] is permitted up to 270 hours of non-party depositions. Plaintiff is permitted a maximum of 70 hours of non-party depositions for any one Defendant Group. Each Defendant Group is permitted a maximum of 100 hours of non-party depositions. Inventor depositions will not count toward these limitations.

    vi.   Experts:

        (1)    Infringement, Non-Infringement: An expert who submits a report on infringement or non-infringement may be deposed by the opposing Side

---

[1] For purposes of these discovery limitations, "Defendant Group(s)" means all defendants in any of the consolidated actions that are subject to common control or ownership (e.g., a party as well as all of its subsidiaries).

[2] For purposes of this discovery limitation, the parties agree that they will not object to an interrogatory as counting as multiple interrogatories on the basis that the interrogatory may be directed to more than one patent.

[3] This is specifically based on Lone Star's representation that Lone Star has only three employees.

[4] For purposes of these discovery limitations, each "Side" mean either Plaintiff or the consolidated Defendants collectively.

**JOINT CASE MANAGEMENT STATEMENT**    17

regarding that report for 2.5 hours per patent for each Defendant Group that the report addresses, but not less than 7 hours per report..

(2)    Validity, Invalidity, Enforceability: A Defendant's expert who submits a report on invalidity or unenforceability may be deposed by Plaintiff regarding that report for 2.5 hours per patent that the expert's report addresses, but not less than 7 hours per report.  However, to the extent that an additional Defendant Group joined the report, then that expert may be deposed by Plaintiff for an additional hour on each commonly asserted patent for each additional Defendant Group that joined in that report. Plaintiff's expert who submits a responsive report (i.e., rebutting invalidity or unenforceability) may be deposed by Defendant Groups collectively for the same number of hours as Plaintiff was entitled to take of Defendants' experts.

The Parties agree that after expert reports are served, they will work in good faith to adjust deposition time limits and allocations as appropriate or necessary to address the actual overlap or non-overlap in the expert reports as served. Any party may later move to modify these limitations for good cause.

(b)    The Parties agree that no Defendant will be required to serve or produce any information protected under the entered Protective Order (e.g. Confidential, Confidential – Attorneys' Eyes Only, and Confidential – Source Code) on any other Defendant.  Furthermore, the Parties agree that Plaintiff will not serve, produce, or otherwise provide any information produced by a Defendant that is protected under the entered Protective Order to any other Party without the express permission of the producing party.

9.    **CLASS ACTION**

These cases are not class actions.

10.    **RELATED CASES**

A.    **Related Cases**

*Lone Star Silicon Innovations LLC v. Semiconductor Manufacturing International Corp. et al.,* Case No. 3:17-cv-03980-WHA;

*Lone Star Silicon Innovations LLC v. Renesas Electronics Corp. et al.,* Case No. 3:17-cv-03981-WHA;

*Lone Star Silicon Innovations LLC v. United Microelectronics Corp. et al.,* Case No. 3:17-cv-04033-WHA; and

*Lone Star Silicon Innovations LLC v. Nanya Technology Corp. et al.,* Case No. 3:17-cv-04032-WHA.

*Lone Star Silicon Innovations LLC v. Toshiba Corp. et al.,* Case No. 3:17-cv-04034-WHA.

**B.     Consolidation**

The Micron Defendants do not oppose consolidation with the related cases identified above for pretrial issues to the extent the Court finds it convenient and warranted.

**11.   RELIEF**

Plaintiff seeks the following relief, as set forth in its initial pleadings in each case:

1.     Judgment that each of the Patents-In-Suit for each respective case is valid and enforceable;

2.     Judgment that each of the Patents-In-Suit for each respective case is infringed by each respective Defendant;

3.     Judgment that each Defendant's acts of patent infringement relating to the patents are willful;

4.     An award of damages arising out of each of the Defendants' acts of patent infringement, together with pre-judgment and post-judgment interest;

5.     Judgment that the damages so adjudged be trebled in accordance with 35 U.S.C. § 284;

6.     An award of Plaintiff's attorneys' fees, costs and expenses incurred in each respective action in accordance with 35 U.S.C. § 285; and

7.     Such other and further relief as the Court may deem just and proper.

The Micron Defendants seek the following relief, as set forth in their initial pleadings:

1.     Judgment that the Micron Defendants have not infringed and do not infringe any of the Patents-In-Suit, directly, indirectly, willfully, or otherwise;

2.      Judgment that each of the Patents-In-Suit is invalid;

3.      Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of the Micron Defendants' costs, expenses, and attorneys' fees in accordance with 35 U.S.C. § 285; and

4.      Any other relief as the Court may deem just and proper.

**12.     SETTLEMENT AND ADR**

The Parties have not participated in any formal ADR procedure.  The Parties believe that Court-assisted mediation is appropriate.  The Parties believe that mediation should occur within 45 days after the Court issues its Markman order.

**13.     CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings.

**14.     OTHER REFERENCES**

The Parties do not agree that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistict Litigation.

**15.     NARROWING OF ISSUES**

The Parties have not identified any issues that can be narrowed at this time, and there is no request to bifurcate.

**16.     EXPEDITED TRIAL PROCEDURE**

The Parties do not request or believe that this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17.     SCHEDULING**

Each party's proposed schedule is set forth in the chart attached hereto as Exhibit A.

**18.     TRIAL**

The Parties have requested a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38(b).  The Parties expect the trial to be two weeks in length.

**19.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**A.     Plaintiff**

Lone Star has filed a Certificate of Interested Entities or Persons as required by Civil Local Rule 3-15. Pursuant to Civil L.R. 3-15, Lone Star restates and certifies that the following listed persons,

**JOINT CASE MANAGEMENT STATEMENT**     20

associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Longhorn IP LLC, the owner of Plaintiff Lone Star Silicon Innovations LLC

Advanced Micro Devices, Inc.

**B.    Defendants**

Micron has filed a Certificate of Interested Entities or Persons as required by Civil Local Rule 3-15.  Pursuant to Civil L.R. 3-15, the Micron Defendants certify that as of this date, other than the named parties, there is no such interest to report.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER**

Pursuant to Patent L.R. 2-1, the Parties have also met and conferred regarding the following additional matters:

(1)    Proposed modification of the obligations or deadlines set forth in the Patent Local Rules

The Parties have met and conferred and they agree that the Local Patent Rules of this District impose certain disclosure requirements in addition to those that required by the Eastern District of Texas Local Patent Rules. In particular, the Parties agree that the following Patent Local Rules contain additional disclosure obligations: Patent L.R. 3-1(d),(h),(i); 3-2(d) –(j), 3-4(a) –(e), 3-8, and 3-9.

With respect to the foregoing, the Parties propose schedules (set forth in Exhibit A) addressing the timing of supplementing their disclosures under Patent L.R. 3-2 and 3-4, and submissions under Patent L.R. 3-8 and 3-9.  The Parties agree that their supplementation of their disclosures under Patent L.R. 3-1 and 3-3 are intended to address additional requirements of this District's Patent Local rules and not to revise or add to their infringement contentions or invalidity contentions.  Any other additions or revisions may only be made in accordance with Patent L.R. 3-6.

With respect to the disclosures and Claim Construction briefing under Patent L.R. 4-1 through 4-5, the parties propose the following:

**Lone Star's Position**: Lone Star and Micron have already substantially completed claim construction procedures:

- Lone Star and all consolidated defendants, including Micron, exchanged proposed claim terms for construction (March 17, 2017);

- Lone Star and Micron met and conferred to limit the number of disputed claim terms;

- Lone Star and Micron filed a Joint Statement on Claim Construction (July 14, 2017; amended on August 1 and August 9, 2017);

- Lone Star served an expert declaration in support of its proposed constructions (July 26, 2017);

- Micron deposed Lone Star's proposed expert on claim construction issues (August 7, 2017);

- Lone Star filed its opening claim construction brief (August 9, 2017);

- Parties filed their technical tutorials with the court (August 9, 2017); and

- Micron Defendants filed their responsive claim construction brief (August 23, 2017)

Lone Star proposes that all of the Related Cases proceed on the same schedule for claim construction, but it is unnecessary for Lone Star and Micron to repeat the claim construction exchanges and briefing that has already been completed. Lone Star will submit its reply to Micron's responsive claim construction brief according to the attached proposed schedule (Ex. A), and Lone Star proposes that the Court conduct a single claim construction hearing for all of the Related Cases. Lone Star's proposal achieves the efficiencies provided by consolidation without requiring Lone Star and Micron to unnecessarily expend resources redoing what they have already done. Micron had a fair opportunity to engage an expert (which it elected not to do), depose Lone Star's expert, and brief the disputed claim terms. There is no need to redo claim construction exchanges and briefing only because this case was transferred to this District.

**Micron's Position**:   With the transfer and consolidation of the parties for pretrial purposes, including claim construction purposes, the Micron Defendants expect that the Court will want to hold only

one *Markman* hearing to address the meaning of terms in any given patent.  Thus, the Micron Defendants propose that all of the parties be placed on the same schedule for claim construction disclosures and discovery under Patent L.R. 4-1, 4-2, 4-3, and 4-4, and that the consolidated Defendants submit claim construction briefing under Patent L.R. 4-5, subject to appropriate adjustments to the briefing limits.  This is entirely consistent with Lone Star's arguments in support of its motion to consolidate.  *See* Dkt. No. 70 at 1 ("Lone Star moved to consolidate the Related Cases to streamline issues for the Court … and to facilitate consistency in claim construction and other legal determinations."); *id.*("The Court will be able to review a single set of briefs that contain each of the parties' positions rather than navigating six sets of briefing on overlapping claim terms for the commonly asserted patents.").

Following deconsolidation but prior to transfer to this Court, the Micron Defendants and Lone Star engaged in part of the claim construction process under the Eastern District of Texas local rules, but briefing was never completed and a hearing was never held.  The parties met and conferred to reduce the number of terms in dispute, in part, by eliminating terms proposed by previously consolidated defendants. Lone Star and the Micron Defendants submitted opening and responsive claim construction briefs addressing this subset of terms, based only on the constructions proposed by Lone Star and Micron.  As such, this incomplete briefing does not address any of the terms or constructions to be proposed by other defendants.

In order to allow all parties a full and fair opportunity to be heard, and to minimize the burden on the Court resulting from multiple sets of briefing and multiple hearings, all parties should engage in the claim construction process set forth in the Patent L.R. 4-1 through 4-5 according to the schedule set by this Court.

        (2)        The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court

The Parties propose schedules (set forth in Exhibit A) addressing the timing and scope of claim construction discovery.  At this time, the Parties do not anticipate a need to limit the scope of claim construction discovery.

        (3)        The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing

The Parties may request live testimony at the hearing.  It is too early for the Parties to know the order of presentation and estimated length of the hearing.  After Parties have proposed terms for construction and exchanged constructions they will have a better understanding of the order of presentation and estimated length of the hearing as well as any necessary extensions to briefing.

(4)    How the Parties intend to educate the court on the technology at issue

The Parties anticipate needing 2 hours—1 hour per side—for the tutorial.  Unless the Parties agree otherwise, Lone Star will make the first presentation.  The Parties may use demonstrations and visual aids.  No argument will be permitted.  Statements made at the tutorial may not be used against a Party in other aspects of the litigation.

(5)    Non-binding Good-faith Estimate of Damages Ranges Expected

**Lone Star's position:**

Lone Star has asserted seven patents against Defendants, all of which relate to the design and/or fabrication of memory devices used in computers and mobile devices. The asserted patents have expiration dates ranging from January 8, 2017 to February 21, 2021. Lone Star will be seeking past damages for the six-year period preceding the filing date of the lawsuit, and future damages through the expiration of the last to expire patent.

Lone Star presently intends to seek damages pursuant to 35 U.S.C. § 284, computed as a reasonable royalty in an amount no less than that which is adequate to compensate it for Defendants' infringement. The discovery of the relevant facts has only just begun, thus Lone Star's estimate is preliminary and based on the limited information available to it at this time. The actual damages requested by Lone Star will depend on additional information (including discovery from Defendants' and third parties) made available as the case progress and expert analysis and discovery.

Lone Star intends to seek damages associated with accused memory devices made, imported or sold in the United States, either directly and/or as components incorporated into end products such as cell phones, laptops, solid state drives, thumb drives, computers, tablets, and other mobile devices. Lone Star contends that the asserted patents cover fundamental technologies relating to the design and fabrication of transistors of these memory devices, and provide advantages regarding manufacturability, reliability, operating life, power consumption, operating speed and other aspects of the accused devices.

JOINT CASE MANAGEMENT STATEMENT    24

Lone Star has obtained a limited amount of publicly-available data regarding the sales of the accused memory devices relating to the United States market. The damages estimates presented below are based on these revenue estimates, adjusted to reflect contributions of the patented technology to the value of accused memory devices as a whole. Based on Lone Star's preliminary investigation, and its experience and knowledge of the semiconductor industry and licensing practices within that industry, it has applied royalty rates ranging from 1.5% to 3% of the adjusted estimated U.S. sales revenue for the relevant time period for purposes of this preliminary estimate.

Based on this information, Lone Star provides the following preliminary, non-binding estimate of damages ranges (in $ millions):

| | |
|---|---|
| Past Damages Range | $160M – $320M |
| Future Damages Range | $200M – $400M |
| Total Damages Range | $360M – $720M |

Lone Star is unable to provide a more detailed estimate of damages ranges at this time because it has not been provided information needed from Defendants, including but not limited to:

- Documents that are required to be produced pursuant to Local P.R. 3-4(d), including documents sufficient to show the sales, revenue, costs, and profits for the accused memory devices;

- Information about Defendants' business model, including how they sell products in the United States and their sales channels for selling products in the United States that are manufactured overseas and intended for use in the United States;

- Terms of other license agreements involving Defendants and other third parties involving comparable technologies;

- Information regarding the benefits of the patented technology as implemented in the accused memory devices, including the value of the inventions to the overall value of the accused devices;

- Details of any alleged acceptable alternative technologies;

- Information regarding Defendants' United States market share for the accused memory devices for the relevant damages period; and

- Information confirming the timing of Defendants' first knowledge of the asserted patents.

**JOINT CASE MANAGEMENT STATEMENT**    25

Lone Star's actual damages contentions in this case will be developed through a retained independent patent damages expert, and the opinions of its damages expert will supersede any preliminary estimate of damages that Lone Star provides at this time or under the Patent Local Rules.

**Micron's position:**

Lone Star's suit is meritless and does not warrant an award of any damages. Lone Star cannot show that any accused Micron product practices any valid claim of the Patents-in-Suit asserted against Micron. Micron has filed IPR petitions on all asserted claims, and Lone Star has not challenged institution on a number of these claims. Micron anticipates that the Board will ultimately find that all asserted claims are invalid.

Based on this assessment of the litigation, Micron states that its good-faith preliminary non-binding estimate of damages is $0- $75k. The upper range of Micron's estimate is based on settlement values of other meritless disputes.

If the accused Micron products are found to infringe valid claims of the Patents-in-Suit, Lone Star's damages estimates are grossly overstated. First, Lone Star's infringement allegations identify only a subset of Micron's products. Lone Star's failure to identify the specific "publicly-available data" that it relied upon makes its presumptive use of that data speculative at best. To the best of Micron's knowledge, such data does not separate sales based on product type, product numbers, production generations, or geography. Therefore, Lone Star's reliance on such data is improper. Without more information, it appears that Lone Star's estimation of past damages (which Micron believes is inapplicable under 35 U.S.C. § 287) assumes that the accused Micron products were sold during the entire six year period, which is directly contradicted by documents produced by Micron, further adding to the speculative and overstated nature of Lone Star's calculations. Furthermore, Lone Star's estimation of future damages appears to assume that the accused products will be sold until expiration of the Patents-in-Suit, without consideration of the end of life of any of the accused products. Finally, Micron believes Lone Star's estimate of a 1.5% – 3% royalty rate fails to adequately account for the rates in comparable licenses, the royalty stacking issues applicable in this industry, and the relevant factors of a hypothetical negotiation between AMD, the prior assignee of the Patents-in-Suit, and Micron.

Micron anticipates being able to provide its good faith-estimate of a damages range upon further discovery from Lone Star and third parties including AMD:

- Documents indicating royalty rates or licensing fees paid or received related to any of the Patents-in-Suit or a portfolio of patents that included any of the Patents-in-Suit.

- All agreements or contracts related to any of the Patents-in-Suit or a portfolio of patents that included any of the Patents-in-Suit.

- Documents reflecting any valuation of any of the Patents-in-Suit or a portfolio that included any of the Patents-in-Suit.

- Documents sufficient to identify marking on any product that embodies the alleged inventions claimed in any of the Patents-in-Suit.

- Documents relating to any negotiation regarding a license or prospective license to any of the Patents-in-Suit or any portfolio containing any of the Patents-in-Suit.

- Documents relating to customary licenses practices or norms in the industry.

- Any other relevant circumstances that affect the hypothetical negotiation between Micron and AMD including, but not limited to, AMD's business conditions.

Micron's damages opinion will be developed with the assistance of an independent expert on patent damages.  The opinion of that expert will ultimately determine the damages estimate Micron will present at trial.

(6)    Opportunities for Junior Lawyers

For the Micron Defendants, Amanda Branch—a fourth year associate—will have opportunity to argue discovery and other motions, take and defend depositions, and/or have a speaking role before the Court, as appropriate.  Micron and its outside counsel will work together to ensure suitable opportunities for Ms. Branch.

Date:   November 2, 2017

/s/ Joseph F. Marinelli

Timothy P. Maloney (admitted *pro hac vice*)
Joseph F. Marinelli (admitted *pro hac vice*)
David A. Gosse (admitted *pro hac vice*)
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603

JOINT CASE MANAGEMENT STATEMENT    27

Telephone: (312) 577-7000
Facsimile: (312) 577-7007
tpmalo@fitcheven.com
jmarinelli@fitcheven.com
dgosse@fitcheven.com

Jon A. Birmingham (Cal. Bar No. 271034)
FITCH, EVEN, TABIN & FLANNERY LLP
21700 Oxnard Street, Suite 1740
Woodland Hills, California 91367
Telephone: (818) 715-7025
Facsimile: (818) 715-7033
jbirmi@fitcheven.com

*Counsel for Plaintiff*


/s/ Robert S. Magee (*with permission*)
Jared Bobrow
Jeremy Jason Lang
Robert Stephen Magee
Amanda Branch
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
jared.bobrow@weil.com
jason.lang@weil.com
robert.magee@weil.com
amanda.branch@weil.com

*Counsel for Defendants Micron Technology, Inc.,*
*Micron Semiconductor Products, Inc., Micron Consumer*
*Products Group, Inc., and Micron Memory Japan, Inc.*

**JOINT CASE MANAGEMENT STATEMENT**    28

## ATTESTATION

In accordance with Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from every other signatory to this document.

/s/ Joseph F. Marinelli
Joseph F. Marinelli
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 2, 2017, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the above and foregoing document via the Court's CM/ECF system per Civil L.R. 5-1(h)(1). All other counsel of record not deemed to have consented to electronic service will be served with a true and correct copy of the foregoing by email.


/s/ Joseph F. Marinelli
Joseph F. Marinelli
*Attorney for Plaintiff*